UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:17-cr-00165-TWP-MJD |
| | ) | |
| MEGAN CASTLETON, | ) | - 07 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 26, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender under Supervised Release filed on May 20, 2025, and order granting Petition on May 21, 2025. [Filing Nos. 823, 824.] Defendant appeared in person with her appointed counsel Joe Cleary. The government appeared by Cristina Caraballo Colon, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant of her rights and provided her with a copy of the petition. Defendant orally waived her right to a preliminary hearing.

2. After being placed under oath, Defendant admitted violation numbers 1, 2 and 3. [Filing Nos. 823, 824.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

        On April 30, 2025, the offender provided a urine sample that tested positive for amphetamines and cocaine. As previously reported to the Court, on April 23, 2025, the offender provided a urine sample that tested positive for cocaine.

2      **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

        On May 5 and 12, 2025, the offender failed to appear for random urinalysis testing.

3      **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

        The offender has failed to respond to any telephone inquiries made by the USPO since May 7, 2025. Additionally, the offender failed to report to the U.S. Probation Office as directed on May 14 and 19, 2025. The offender's whereabouts is currently unknown.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly agreed for the defendant to be released on current conditions of supervised released with the addition of the following:

    1. You shall be monitored by GPS Monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all the technology requirements. You will be monitored by curfew restricting you to your residence from 8pm to 8am.

    2. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to

2

       pay: Location monitoring and mental health treatment. The probation officer shall determine your ability to pay and any schedule of payment.

3. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) and § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be modified as follows:

1. You shall be monitored by GPS Monitoring for a period of 120 days, to commence as soon as practical, and shall abide by all the technology requirements. You will be monitored by curfew restricting you to your residence from 8pm to 8am.

2. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: Location monitoring and mental health treatment. The probation officer shall determine your ability to pay and any schedule of payment.

3. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating

physician.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/27/2026

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system